We're ready for argument this morning. The first case is Gwen Hart and others versus Louisiana-Pacific. Mr. Mason, glad to hear from you. Thank you, Your Honor. May it please the Court, my name is Gary Mason. I represent Plaintiffs Gwen Hart, Lucille and Joseph Druthers, Edward and Jennifer Wellner, and the decertified class of North Carolina owners of property in which LP Trim Board has been installed ten years prior to the certification. Let me ask you this, it's a little confusing to me. Are the plaintiffs still seeking to press their claim to enforce the warranty as written? No, not as written, Your Honor. So you're only relying on the reformation claim? Unconscionability, correct. We have stated a claim for breach of warranty based on unconscionability, which is allowed under Boozian v. Daimler Chrysler. But you're not going to proceed under the warranty as written claim? That's correct. Our claim is that there's a breach of warranty and that the limitations of the warranty limiting us to two times the cost of repair is unconscionable, given the circumstances and facts of this case. All right, I understand. So the warranty claim is out the window? Warranty as written? Warranty as written. But to be clear, it is a breach of express warranty claim. That is the sole claim in this case. All right, thank you. Thank you, Your Honor. I want to follow up on that. If I understand your answer, you do claim for purposes of statute of repose and limitations. You think the warranty as it's written exists beyond the statute of repose, correct? Yes, it's a 10-year warranty as written. I didn't ask you that. I said you think it extends beyond, correct? Correct. And then what you want to do is, with that warranty that's not limited by the statute of repose, you then want to reform that? Correct. Correct. And I would posit, Your Honor, that that is consistent with... I didn't ask you that, but I would just listen to your answer to Judge Hamilton. Right. You really do think your claim is based on the, I think it is, based on the express warranty as you would have it reformed. Is that not right? I think that is correct, Your Honor. We start with the warranty, which is a 10-year warranty, that has limitations. Amongst them has a durational limit of 10 years. What we're focused on is the limitation of relief, which is two times the cost of repair. But you have to have that express warranty in place to seek to reform it. Correct. And the obstacle we came against was the six-year statute of repose in North Carolina. Now, Judge Boyle, in November of 2009, very early in this case... What are the requirements for reformation of that warranty? Well, it's... Is it just unconscionability? Yes, it's North Carolina Statute 25-2302, which talks about unconscionability. And it is a matter of law for the court to consider upon all the circumstances of the case and upon an evidentiary hearing. And we were prepared to do that two years ago, in August of 2013. Well, I don't know about upon evidentiary hearing. Where is that required? Yes. I refer the court to Walsh v. General Motors. But you can do that if it's clear as a matter of law. You don't have to have an evidentiary. Well, I would contend, Your Honor, that that's not what Walsh v. General Motors says. I think Walsh v. General Motors is very clear. It's the rare case, if any case, in the Fourth Circuit. Now, other circuits may differ. But in the Fourth Circuit, the Fourth Circuit has been consistent on this. I can assure you, this court, if it's clear as a matter of law, this court doesn't say an evidentiary hearing is required. Right. You're thinking about your case because you think it's close enough, maybe, that it should have a hearing. But there clearly are assertions that don't require a hearing. Right. But... But I don't want to belabor that point. Okay. But I would say, Your Honor, that I do believe that because the allegations in this case are virtually identical to the allegations in Walsh v. General Motors. Well, that means it would apply to your case. Correct. I said it's not always required. I take your point, Your Honor, and I agree with that. In fact, there's a footnote in the Walsh case that says you have to take this on a case-by-case basis. And every case is different. I don't want to belabor it. Thank you, Your Honor. But do you think the question of whether or not there should be reformation is still a question that needs to be answered? Absolutely. And we were weeks away from that answer when the North Carolina Supreme Court of Appeals came down with the Christie case, which threw a monkey wrench into everything. Take me back to what do you think is required under North Carolina law for reformation? I think... Is that an equitable remedy, reformation? Well, it's equitable, but only in the sense that it's been memorialized by a statute. You have to remember, this is statutorily based. When we were here before on the Ellis, the related Ellis case with Justice Thacker, we were talking about torts and we were talking about, you know, beyond the warranty. That case, the Ellis case, had everything but the warranty. You can have equity in statute. That's right. You can do it. And that's what this, I think that's what this statute... Let me ask you again. Isn't reformation an equitable remedy? I think it is, Your Honor. And what's required for reformation in North Carolina? Well, it's... The standards aren't... There isn't a lot of case law on that particular statute, on unconscionability. It's a decision to be made by a judge based on the evidence that is presented to him. And as Walsh says, you do require a presentation of evidence. It's rarely, according to Walsh, and I don't know any case that's contrary to this, it's rarely decided on the pleadings. And that was my point, Your Honor. It's not that this Court couldn't decide something as a matter of law. It's that this Court has already said that unconscionability is a matter of law that's really... I'll take you back. What standard do you argue that if we were to entertain your argument, what standard... We mean the courts. If the courts were to entertain this reformation argument, what's the burden for reformation in these circumstances? Well... I've already said unconscionability. Is there anything else? Yes. Substantive and procedural unconscionability. And essentially, there's two parts of that. There's the procedural unconscionability. You know, how was it presented to us? Was this a contract of adhesion, which Judge Boyle has already suggested it was? And other courts that have considered this in this context of this case have decided, at least procedurally, it may meet that standard of unconscionability. The issue really for us is substantive unconscionability. And this is where the Harbison Court and the Brown Court have gone in different directions because they're in different circuits. They don't follow Walsh v. General Motors. And other circuits have found that under no circumstances can you find that the facts that we have alleged, prior knowledge of defect, is unconscionable. And those circuits go a different way. And they have said that that's not a sufficient allegation for a breach of contract claim. This circuit, both in Walsh v. GM and in the Ellis case, the sister case to what we're hearing today, you know, has said that when you plead these kinds of facts, when you plead prior knowledge of a latent defect, you have pled a contract claim, a breach of contract claim. And North Carolina law statutorily memorializes the concept. Is the answer to my question somewhere in there? Let me ask you, other than unconscionability, I didn't ask you to apply what is unconscionable in the circumstance. I asked what standard is there. I think unconscionability is on the table. Is there anything else? That's what we're trying to get a ruling on. So you want reformation based on unconscionability. Correct. And your unconscionability is what? Knowledge of a prior defect? Correct, prior knowledge of a latent defect. And the standard to be applied from the case law is this two-prong test of procedural and substantive unconscionability, which is a matter of law being applied by a court to facts. And that's what we have. We've alleged facts. We've had a lot of discovery. And we've told the court we can prove these facts, so much so that we defeated a motion for summary judgment. But we have yet to have a hearing in front of the judge on that. And we were weeks away from that when that Christie's opinion came out. And LP took the Christie opinion, moved for summary judgment, and Judge Boyle, based on that opinion. Yeah, we know the procedural history of the case. I'll be an interruption, but I'll let you go back to your argument because it's now clear to me. You're seeking reformation. You think the warranty extends under the law in North Carolina to the term of the warranty past the statute of repose, and you think you have a right to have the warranty, the express warranty reformed based on unconscionability? That's correct, Your Honor. And I would say that, oh, Judge Hamilton, thank you. Yes, let me ask you one question. You brought up Christie II. I'm troubled with wanting to know what specific language in Christie II do you rely on to support the viability of your reformation claim for your plaintiffs who file beyond a six-year statute of repose? Well, Your Honor, I would suggest that there's nothing in Christie that would prevent application of North Carolina statutory law. Christie does not deal with unconscionability, so it doesn't talk about application of unconscionability. I understand that, but it does have dealing with the statute of repose. That's right. It seems to me that if you're going to go on the reformation claim, then I want to know what's going to happen to the plaintiffs who file beyond a six-year statute of repose. Right. My interpretation of Christie, my reading of Christie, which I think is straightforward, is that all persons before six years or after six years, there's no distinction, have a right to bring a claim for breach of express warranty and seek damages. And there is no limitation imposed by Christie. I would suggest that Christie does not say anywhere that North Carolina Statute 25-2302, or the statute dealing with failure of purpose, has in any way been obviated by Christie. There's nothing to suggest that someone who's beyond six years can't bring a claim, like was done in Boozian, for an unconscionable warranty. There's no distinction in that in the Christie case. And I would ask you to look at the dissent by Judge Hunter in the Court of Appeals, which I think is what the majority opinion is saying. Judge Hunter, I thought, was pretty straightforward, saying that all claims, when you have a 10-year warranty, you can bring all claims. And that's what Judge Boyle originally said. You can bring all claims for damages. And that's what we're doing. When we're seeking a claim for something that's beyond the limits, we're not seeking a claim for specific performance. We're seeking a claim for damages. And now Judge Boyle, Judge Hunter in his dissent, and the Supreme Court of North Carolina and Christie, have all said that when you have a warranty whose duration goes past the statute of repose, you can bring a claim for damages. And that means that you can bring a claim for reformation under the statute. That is a claim for damages, I would say. But you said you weren't seeking specific performance, but you say you are in your summary judgment papers. Well, you know, the difficulty in this case. I mean, is that what you said? The difficulty in this case, we did say that earlier on, because the relief in this case is in the form of damages. It's in the form of money. I'm not trying to trip you up. I'm just saying you did say it. Did you think you had to say it then, or you didn't quite understand the theory as it unwinded through the course of the litigation? I'm just asking. Because you ask for reformation and then specific performance. Well, we try to keep up with the law, Your Honor. This case has been going on seven years. That's what you think we did. Early on in this case, one would say, looking at Romer, that you have to bring only claims that you can go forward with, the ones for specific performance. Okay? Then we argue that, and Judge Boyle said, no, it's not a limited specific performance. Christie comes out and suggests, the original Christie case, and says, no, you are limited to what the contract says. In that, Romer, specific performance. Then it turns out it's not specific performance. Let me stop all that. Okay. Are you seeking specific performance in any way now? I think the better way to characterize it is damages at this point. The contract allows for damages, and one could argue specific performance, but we have a damage remedy. But because, as we said earlier, Your Honor, because it's an unconscionability claim that's seeking reformation, I think it's best framed as a damage remedy. Your argument is that, isn't there a two-times amount in the express warranty? Correct. Do you think that that should be held to be unconscionable under the facts of this case? That's right, Your Honor. And so your argument is, as it stands now, as I understand it, that you are now in the express warranty period still for whoever fits in there. And for those people who do fit in, that is, I guess, people who brought their action inside the ten years, that those people then have a right to at least seek reformation to then try to do away with parts of the express warranty which are unconscionable. And you point to that damages limitation or payment limitation, whatever you call it. That's right, Your Honor. And I think that's completely consistent with, as I keep citing throughout this argument, with the Carlson case, where Carlson expressly says, this Fourth Circuit has said that when there is a latent defect that's known by the seller and not by the buyer and the buyer can't discover it, under those circumstances, this transaction is not knowing involuntary and it renders such limitations unconscionable and ineffective. That's where we think we're going with this. We've alleged it. We think we can prove it. We need to get that evidence at a hearing in front of Judge Boyle so he can apply the appropriate standards and make a decision. And that brings us back to 2013 where we started this. To return to my argument, Your Honor, Judge Boyle had two orders, of course, the order on summary judgment and the order that sort of flowed from that in his ruling to decertification. His order for summary judgment was entirely based on the now-reversed Christie opinion. I don't see how it's possible that that can be upheld, the summary judgment motion below. It was based entirely on a court opinion that has now been reversed. Your time has run for right now. Do you want to borrow some time or do you have some time left? No, Your Honor, I will reserve my time. We'll be back here for you in a bit. Thank you. Thank you very much. Thank you. Mr. Boyette. Thank you, Your Honor. May it please the Court. Your Honor, LP contends that this Court should affirm summary judgment based on Christie. I would disagree with Mr. Mason's analysis of Christie. The rationale of the Supreme Court's decision in Christie is based on upholding the sanctity of the freedom of contract. I know that, but his argument is that contract, as it's now been extended, is subject to all the rest of the law in North Carolina, including reformation for unconscionability. I think Christie can fairly be read to say that the contract that was before the Court was a full warranty. It's very distinguishable. It was a full warranty for 20 years, and the Court said that the defendant in that case could not then plead the statute of proposed to say that there was no remedy. That's all Christie stands for is that if a manufacturer chooses to grant an extended warranty that extends beyond the statute of proposed, then the manufacturer is going to be held to that warranty. But it doesn't say that a plaintiff whose claims are otherwise barred by the statute of proposed can then come in and rewrite the warranty that was extended by the manufacturer. So let me ask you this much. If it's a given, if I just give this hypothetical, that everybody could agree that the warranty is unconscionable and it's extended beyond the period of repose, there's just no remedy at North Carolina law? The remedy is the remedy that the manufacturer contracted to provide beyond the statute of proposed. But that would be a remedy for a breach of the express warranty. I ask you for a remedy based on unconscionability. It just doesn't matter. The plaintiffs would not be able to challenge it. Would it matter? No, sir. It would not matter. And I think the penultimate way to read or the way to read Christie is a penultimate statement at the end of the decision in the holding paragraph that says that the 20-year full warranty extended by grail code in that case stands in its entirety. And it's our position that LP's express limited warranty stands in its entirety beyond the statute of proposed. And LP is prepared to provide the relief that… So you think that the attack on the express warranty by way of reformation is just opening the door that the Supreme Court closed in Christie? Yes, sir. And the general law of North Carolina. And I think the North Carolina Court of Appeals' dissenting opinion by Judge Hunter is instructive in that regard. And, in fact, it's cited by the plaintiffs in their briefs at least to the Supreme Court of North Carolina and I think in this court as well that Judge Hunter observed that the full warranty should be enforceable beyond the statute of proposed, but he posited a hypothetical that was not before the court. If the contract between the parties limits the remedies, then claims beyond the statute of proposed are limited to the specific contractual relief provided in the warranty. And that's what we have here and that's what we contend the law of North Carolina is. Otherwise, the statute of proposed would be meaningless in the situation where a manufacturer had chosen to extend a warranty beyond the statute of proposed. If the plaintiffs could come in as they would do here and rewrite the warranty, rewrite the contract, and basically convert the case into a product liability damages case, which is what they've been trying to do in this case, in our opinion, the statute of proposed would have no meaning whatsoever and no force. So you think the North Carolina court in its entirety cracked the door for recovery to go beyond the statute of proposed based on contract principles, but then once you go through that door to the contract gate, that's where you are with nothing else added to the equation. You can enforce the contract that's provided for you. Yes, sir. That's our position and that's consistent. The other thing is but for the manufacturer's decision to extend the warranty beyond the statute of proposed, these plaintiffs would have no remedy whatsoever. If there were not an extended warranty, all of their claims would be barred by the statute of proposed. The manufacturer chose to sell the product and to grant more. To help sell it. To help sell the product. Yes, sir. The plaintiffs can't have it both ways. They can't on the one hand say the statute of proposed permits them to file these claims under the warranty, but then say the warranty, then rewrite the warranty. They just can't have it both ways. The Sixth Circuit has agreed with that in the Harbison case involving this very same warranty, very same product, very same plaintiff's lawyers. Is there any law, I know you don't want to argue this, but law as to unconscionability on a latent defect, you know, the argument he's making? I am not aware. I understand the Carlson and Bouchon cases, but I would point out to the court that those cases are very distinguishable. They involve challenges to a durational warranty, which is not what we have in this case. In that case, the automobile manufacturers alleged to be aware of latent defects, extended fairly short warranties that would expire before the defect was likely to be discovered. That's not what we have here. We have a warranty that's extended. Isn't that what everybody says about a car warranty? Yes, sir. As soon as the warranty expires, everything bad happens. And these plaintiffs are before the court because they've discovered what they allege to be damage resulting from a latent defect within the warranty period, and the remedies provided in the warranty are available to them to address those defects. So you think that goes to the question of unconscionability? That the defect is discoverable, as they're asserting, it's discovered within the contractual period. It goes to show that the warranty is not substantively unconscionable because it provides the remedy for the wrong that they claim has been committed in this case. I think this court could very well and should, we would urge, if you even get to looking at the issue of whether this warranty is unconscionable or not, should affirm summary judgment, which you can do for reasons other than those that Judge Boyle granted summary judgment in this case because this warranty as a matter of law is not unconscionable for the reasons that we've been discussing. It's not substantively unconscionable. There is a remedy. It's a fair remedy. Other courts. The other side says we need to have an evidentiary hearing on all this. Well, and I would point out there's a distinction in Boushin and Carlson from another standpoint, and that is that those were motions to dismiss, and the only thing before the court were the allegations and the pleadings. In this case, there's a fairly well-developed record as to how this product has performed in North Carolina, and there is evidence, affidavit evidence and expert report evidence that indicates that, by and large, or in a lot of cases, the product is performing very well, and there are houses with no damage whatsoever, and then you've got houses with damage that may be related to installation errors and the like. But there is a developed record, and there's enough there. We would submit that this court could find that this, as was done in Harbeson, that this warranty is not unconscionable. It provides a fair remedy. I want to take you back to the other side's take on reformation, and I understand your take on it, and I just don't remember having read what the North Carolina Supreme Court in its majority decision, or even the Court of Appeals, as I remember, talked about the question of equitable principles on the extended warranty. You understand my question? Their argument is the Supreme Court decision gives us the extended warranty beyond statute of repose, correct? Yes, sir. And I think we all agree that that's correct, probably. Yes, sir. And then they say, but however, the North Carolina court doesn't say anywhere that normal principles of law are, for that extended period, no longer applicable. You understand that's what they're saying? Yes, sir. And your argument to that, which is, I think that's true, it's not expressly addressed, is it? That issue of whether or not other principles of law, it's not explicit in that opinion. Well, the opinion doesn't address how you No, I'm just saying it's not expressly addressed. They don't say all other principles of North Carolina law no longer apply, or all other principles stay in effect. It doesn't say that, does it? No, sir. But your argument then is, I'm just trying to make my way through this, but their reading can't be right because you think that then completely undercuts the actual ruling and what the Supreme Court did, is that correct? And the rationale for the ruling. You have a contract. The parties are entitled to the benefit of the contract beyond the statute of proposed to the extent that contract extends a benefit beyond the statute of proposed. But there's no principle that would, you certainly can't read that decision to say then, but beyond the statute of proposed, we'll let you rewrite that contract. I just don't think you can read Christie or any other decision. And you would say, I'm sure I understand your position is, and then you would say I take it that there's certainly you can't rewrite the warranty with this limitations in a way that takes you right back to the status quo handy to give you whatever remedies you could have solved before we went through all of the statute of proposed and expressed warranty issue. Yes, sir, I would agree with that, and I would point out that the No, I'm saying, but you agree that's your position. Yes, I understand your position. Yeah, I would agree that that's my position. Okay, good. And I would also point out that the North Carolina UCC 2-719, 25-2-719, expressly contemplates and permits manufacturers to issue limited warranties. With limitations and disclaimers, and that's exactly what we have here. It's a typical UCC limited warranty, and so certainly Christie didn't address that and didn't say that the UCC would not apply. Yeah, but if there was a suit on a limited warranty before the statute of proposed runs, is that not subject to unconscionability? They could certainly raise that issue, yes, sir. Yes, sir. Yes, sir, Judge Hamilton. Is it your position that under Christie 2, the plaintiffs can sue on the warranty as written, but without the ability to seek reformation on the ground of unconscionability? Yes, sir. That's your position? Yes, sir. That's what I think you meant when you said they can't have it both ways. Yes, sir. They can't take the benefit of the extension of the contract beyond the statute of proposed and then turn around and say, well, we'll take that benefit, but we want the contract to say what we want it to say. I understand. That's what I thought you were getting at. I'm sorry if I wasn't clear. No, you were clear. It never hurts. It never hurts sometimes, and I've sort of walked through it. You don't think it hurts you to have a chance to say that two or three times? No, sir. Not at all. Not at all. I really think I have addressed the issues that I need to address, unless you have any further questions. Anything, Judge Hamilton, anything further from you? I don't think so, no. Okay. All right, thank you very much. Thank you, Mr. Boyette. Mason? Thank you, Your Honors. If I may address something, a point raised by Judge Shadd and Judge Hamilton, specifically where a question was raised, what does Christie say about this core issue in the case, about this demarcation between folks that are bringing claims before six years and those that are bringing after six years, and whether or not these remedies that are otherwise available in North Carolina law under the UCC are available after six years. And I do think Christie has something to say about that, and I quote, Christie Court says, When encountering such conflicts in the past, this Court has held that the broad policy of the law which accords to contracting parties' freedom to bind themselves as they see fit, subject, however, to the qualification that contractual provisions violative of the law are contrary to some rule of public policy, are void and unenforceable. That's what the unconscionability provision is all about. I don't see anything in the language here that suggests that after the six-year statute proposed period runs, there's some sort of paradigm shift in the law where a plaintiff can bring a claim for breach of the written terms of the contract, but can no longer do what has always been allowed in California, which is seek reformation as a matter of public policy under, and we're not going into general equitable principles or common law. What difference does the statute of repose argument, what difference does the fact of the existence of a statute of repose make to your argument? It doesn't make any difference at all, does it? Exactly, and I think that's the teaching of Christie. I mean, the whole dynamic that's been going on back and forth with Judge Boyle and the North Carolina courts. I'm not suggesting whether or not that's the teaching of Christie, but I'm saying it makes the fact of the existence of a statute of repose in a warranty case that extends beyond the statute. To you, it didn't make any difference at all? That is our argument. That is our contention of how Christie. So the statute of repose is meaningless? In this context of an express warranty, and I refer the court as Judge Boyle and Judge Hunter. But the answer to that is, is it meaningless in this context? The six-year statute of repose is inapplicable to a warranty that has a durational length that's greater than six years. Does that mean it's meaningless in this context? I hate to use the word meaningless. It sounds derogatory, but it does not have any substantive impact. Might as well not even be there. As it applies to a contract with a duration beyond six years, it has no effect. That is correct. And I think not only – and there's authority for that that was cited by Judge Boyle and cited by Judge Hunter in dissent, which is Hudson and Miskamin North Carolina contract law, where they say – and this is not with reference to conscionability, but with the limitation of remedy – they say that in cases involving warranties that exceed the statute of repose, the buyer would still be entitled to recover damages – that's their term, damages – upon a showing that the limitations of warranty fails of its essential purpose. And that's – the failure of essential purpose is a statutory remedy under the UCC. It's 25-2719. That paragraph doesn't refer to unconscionability, but there's no reason it should be limited to the limitation of failure of essential purpose. 25-2302 is just another statute in the UCC, North Carolina UCC regime, that supports a claim for unconscionability. We're not reaching into equity or tort law or anything like that. We're still solidly in the UCC statutory regime. And my point is, when you look at that, the textbook law, you look at Judge Boyle, you look at Judge Hunter's dissent, and you look at the language I just quoted from Christie, too, it all suggests that there was no intent ever in North Carolina to obviate this ability to make challenges of unconscionability to contracts, whether it's within the six-year period or outside the six-year period. And as it turns out, the grail code contract is a full warranty. So that doesn't make the analysis easier because when the door opened and we got into that room, everything was available because that was the nature of the contract. So that's what – that does create an ambiguity, perhaps, in the Christie opinion. But I think that – I don't think the Christie opinion in the court doesn't seem to be concerned that it was a full contract because the language suggests that once you're in the room, you can do whatever you normally can do and you can rely on the UCC and North Carolina law. And that's all we're asking to do. So, Your Honor, it is our position, you know, as I conclude my argument this morning. So your argument, though, is not only do you think, in this situation, where the express warranty goes beyond the statute of repose, not only do you think that the statute of repose has no meaning, you think the North Carolina courts say it has no meaning. That's correct. And I think that that's already been in the treatises and that – and its lack of meaning is only in this specific context of a warranty that goes beyond the six-year period. Your time is up. Thank you, Your Honor. I'll give you 10, 15 seconds to wrap up if you need to. Your Honor, I think that the proper result that this court should take would be to vacate the lower court's order and send it back for further proceedings, both on the summary judgment and decertification. Okay. Thank you very much. Thank you very much. We'll step down, great counsel, and go directly to the next case.
judges: Dennis W. Shedd, Stephanie D. Thacker, Clyde H. Hamilton